FILED & ENTERED

MAY 30 2019

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell DEPUTY CLERK

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:16-bk-15692-RK |
| RAMA KRISHNA CHAPARALA, | Chapter 7 |
| Debtor. | Adv. No. 2:16-ap-01332-RK |
| ALL IN ONE TRADING, INC., | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, OR ALTERNATIVELY, PARTIAL SUMMARY ADJUDICATION REGARDING NONDISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523** |
| Plaintiff, | |
| vs. | |
| RAMA KRISHNA CHAPARALA; RK TRADING, | Date:   May 28, 2019<br>Time:   2:30 p.m.<br>Place:  Courtroom 1675<br>        255 E. Temple Street<br>        Los Angeles, CA 90012 |
| Defendants. | |

This adversary proceeding came on for hearing before the undersigned United States Bankruptcy Judge on May 28, 2019 at 2:30 p.m. on the motion of Plaintiff All in One Trading, Inc., for summary judgment, or alternatively, partial summary adjudication regarding nondischargeability of debt under 11 U.S.C. § 523. Anthony J. Napolitano, of the law firm of Buchalter, APC, appeared for Plaintiff. No appearance was made on behalf of

-1-

Defendant Rama Krishna Chaparala.  Moreover, Defendant did not file any written opposition to the motion or a statement of genuine issues as required by Local Bankruptcy Rule 7056-1.

Having considered the unopposed moving papers, the written and oral arguments on behalf of Plaintiff, and the lack of opposition of Defendant, the court rules as follows:

1. The motion is granted in part and denied in part.

2. The motion is granted pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(g) as to summary adjudication of Plaintiff's Undisputed Material Facts, Numbers 1 through 87, in its Statement of Undisputed Facts in Support of Motion for Summary Judgment, or Alternatively, Partial Summary Adjudication Regarding Nondischargeability of Debt under 11 U.S.C. § 523, Docket Number 22, filed on April 11, 2019, and such facts are deemed established for purposes of this adversary proceeding.

3. The motion is denied as to the request for full summary judgment because the motion did not request summary judgment on all of the claims in the complaint, that is, only summary judgment was requested for the claims under 11 U.S.C. § 523, and not for claims under 11 U.S.C. § 727.

4. The motion is denied as to Plaintiff's assertion of issue preclusion because its issue preclusion analysis is flawed and deficient.  Plaintiff's issue preclusion analysis is flawed because it is based on federal common law which may apply to a federal court judgment, which was the case in *Bane v. Hajime Sorayama (In re Bane),* No. CC-09-1108 MoPaH, 2010 Bankr. LEXIS 3067 (9th Cir. BAP 2010) (unpublished memorandum opinion), the case relied upon by Plaintiff which applied issue preclusion based on a prior judgment of a federal district court.  However, in this case in which the prior judgment was a judgment of a state court, the law of the state governs the applicability of issue preclusion here, and thus, California law dictates here whether issue preclusion applies.  *In re Plyam,* 530 B.R. 456, 462 (9th Cir. BAP 2015), *citing inter alia, Harmon v. Kobrin (In re Harmon),* 250 F.3d 1240, 1245 (9th Cir. 2001) and *Lucido v. Superior Court,* 51 Cal.3d 335, 341-343

(1990). Plaintiff's issue preclusion analysis is deficient because it does not show how it is entitled to judgment as a matter of law as required by Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(a) because neither the motion nor the proposed conclusions of law in the Statement of Undisputed Facts show that the elements of issue preclusion or collateral estoppel under applicable California law are satisfied in this case since these elements are not discussed in either pleading. *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d 885, 889 (9th Cir. 2003)(the party with the burden of persuasion at trial "must establish beyond controversy every essential element of its [ ] claim")(citation and internal quotation marks omitted).

       5.     The motion is denied as to Plaintiff's assertion of issue preclusion based on the state court judgment based on a jury finding of malice, oppression or fraud because the case law indicates that a factual finding of malice, oppression or fraud in the disjunctive under California law may not meet the standard for issue preclusion on a claim under 11 U.S.C. § 523(a)(6) as held and discussed by the Bankruptcy Appellate Panel of the Ninth Circuit in *In re Plyam*, 530 B.R. 462-471. Plaintiff has not shown that the requirements of the prior state court judgment based on a finding of "malice, oppression or fraud" in the disjunctive under California law meets the requirements of 11 U.S.C. §523(a)(6) as set forth in *In re Plyam*.

       6.     Plaintiff does not show how it is entitled to as a matter of law as required by Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(a) based on issue preclusion for its claims under 11 U.S.C. § 523(a)(4) because neither the motion nor the proposed conclusions of law in the Statement of Undisputed Facts show that the elements of a claim under 11 U.S.C. § 523(a)(4) are satisfied in this case since Plaintiff does not show how the evidence supports each and every element of such claim in either pleading. *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d at 889; *see also, In re Plyam,* 530 B.R. at 471-473. That is, while these pleadings may state the elements of the claims, they do not set forth and cite the uncontroverted evidence which supports each and every element of the claims.

7. Plaintiff does not show how it is entitled to judgment as a matter of law as required by Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56(a) based on issue preclusion for its claims under 11 U.S.C. § 523(a)(6) because neither the motion nor the proposed conclusions of law in the Statement of Undisputed Facts show that the elements of a claim under 11 U.S.C. § 523(a)(6) are satisfied in this case since Plaintiff does not show how the evidence supports each and every element of such claim in either pleading. *Southern California Gas Co. v. City of Santa Ana,* 336 F.3d at 889; *see also, In re Plyam,* 530 B.R. at 462-471; *International Business Investment, Inc. v. Park (In re Park),* No. 2:14-bk-28415 RK, Adv. No. 2:14-ap-01835 RK (Bankr. C.D. Cal. 2017) (unpublished memorandum opinion). That is, while these pleadings may state the elements of the claims, they do not set forth and cite the uncontroverted evidence which supports each and every element of the claims.

8. The denial of the motion in part is without prejudice to Plaintiff filing a further motion addressing the concerns raised by the court in this order.

9. The continued hearing on the motion set for June 25, 2019 at 1:30 p.m. is hereby vacated in light of this order ruling on the motion.

IT IS SO ORDERED.

###

Date: May 30, 2019

_____
Robert Kwan
United States Bankruptcy Judge